# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**Richard SANTOS-HERRERA,**<br>         **Defendant.** | Crim. No. 12-669 (KM)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

      In 2007 the defendant, Mr. Santos-Herrera, an alien, was ordered removed from the United States based on his conviction of a controlled substance aggravated felony. Sometime thereafter, he illegally reentered this country. On August 5, 2011, he was subjected to a motor vehicle stop. The police believed that he was subject to a warrant from New Hampshire, and sent him to that state; that information turned out, however, to be incorrect. He was returned to New Jersey, where he remained in custody based on his status as an illegal alien. He was later charged in this District with the offense of illegal reentry to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

      Mr. Santos-Herrera pleaded guilty to the illegal reentry charge. On February 19, 2013, pursuant to the government's "fast-track" program, I imposed an agreed below-guidelines sentence of 37 months' imprisonment. He is currently serving that sentence at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania.

      Before the court are two motions brought by the defendant. (More precisely, the defendant has filed a number of letters and other papers that I will interpret as asserting two requests for relief. Docket Nos. 24, 25, 26, 27.) First, the defendant requests that he be furnished a transcript of his sentencing hearing. Second, he asserts that the Bureau of Prisons has not properly calculated his release date and asks that I correct a "clerical error" to clarify that he must receive credit for all time served. In defendant's view, some two months of time attributable to the erroneous New Hampshire detention should be credited against his sentence, but the BOP declines to do so. (*See* Transcript, Feb. 19, 2013, at p. 23; Motion, Docket No. 25)

*Transcript.* The defendant evidently paid the $100 requested by the court reporter but has not yet received the transcript. Confusion arose because the deposit and transcript request were sent to the wrong court reporter. I have located the correct court reporter and caused the transcript to be prepared. A copy will be mailed with this decision.

*Time served on the New Hampshire detainer.* In pronouncing sentence, I stated that "I recommend that time served obviously be credited against the sentence." (Transcript, Feb. 19, 2013, at p. 23) I used the term "recommend" advisedly, because the calculation of the date that service of sentence commences lies within the sole authority of the Bureau of Prisons. *See United States v. Wilson,* 503 U.S. 329, 334, 112 S. Ct. 1351 (1992). It was my intention that the BOP credit time served to the extent authorized by the applicable statute and regulations.[1] That is what the transcript and the Judgment reflect. There is no "clerical error" to correct. *See* Fed. R. Crim. P. 36.

What Mr. Santos-Herrera really objects to is the BOP's calculation of his release date and refusal to credit certain time he has spent in custody. Viewed from that perspective, his motion is jurisdictionally flawed.

The proper proceeding in which to challenge the execution of sentence is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. Such a petition must be brought in the district of confinement. *United States v. Kelly,* 504 F. App'x 85, 2012 WL 5839227 (3d Cir. 2012) (not precedential) (citing *Burkey v. Marberry,* 556 F.3d 142, 146 (3d Cir. 2009); *Rumsfeld v. Padilla,* 542 U.S. 426, 443, 124 S. Ct. 2711 (2004)). Mr. Santos-Herrera is confined, not in this District, but in the Middle District of Pennsylvania.

Any challenge to the calculation of time served or Mr. Santos-Herrera's release date must be therefore brought by means of a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania.

---

[1] For example, credit for prior custody is governed by 18 U.S.C. § 3585(b), which requires credit for time in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed, or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, provided that such time has not been credited against another sentence. *See Harris v. Zickefoose,* 2012 WL 4120537, at *3 (D.N.J. 2012) (citing 18 U.S.C. § 3585(b)).

2

## **ORDER**

The motion to be furnished a copy of the sentencing transcript is **GRANTED**.

The motion to correct sentence is **DENIED**.

The Clerk is directed to serve a copy of this Memorandum Opinion and Order on the defendant at his last known address, and to include therein a copy of the transcript of proceedings on February 19, 2013.

Dated: September 10, 2014

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　KEVIN MCNULTY, U.S.D.J.