UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**Richard SANTOS-HERRERA,**<br>　　　　　　　　　**Defendant.** | Crim. No. 12-669 (KM)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

　　　　On February 19, 2013, pursuant to the government's "fast-track" program, I sentenced Mr. Santos-Herrera to a below-guidelines imprisonment term of 37 months for illegal reentry to the United States after committing a controlled substance aggravated felony. After a traffic stop, Mr. Santos-Herrera was detained for a time in New Hampshire; he was also held in this district before his plea of guilty and sentence. By Memorandum Opinion and Order dated September 10, 2014 (ECF 29), I denied Mr. Santos-Herrera's motion, pursuant to Fed. R. Crim. P., to correct a "clerical error" that caused him to be denied credit for the two months he spent in custody in New Hampshire. Mr. Santos-Herrera, by letter dated September 15, 2014, now moves for reconsideration.[1]

　　　　As I pointed out in the September 10 opinion, in pronouncing sentence, I "recommend[ed] that time served obviously be credited against the sentence." (Transcript, Feb. 19, 2013, at p. 23) That opinion states:

> I used the term "recommend" advisedly, because the calculation of the date that service of sentence commences lies within the sole authority of the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351 (1992). It was my intention that the BOP credit time served to the extent authorized by the applicable statute and regulations. That is what the transcript and the Judgment reflect. There is no "clerical error" to correct. *See* Fed. R. Crim. P. 36.

ECF 29 at 2 (footnote omitted).

---

[1]　　I will direct the clerk to place that letter motion in the electronic case file.

Having found that the sentence imposed was the sentence intended, I advised Mr. Santos-Herrera that any objection to the Bureau of Prisons' calculation or execution of sentence could be addressed by a petition for habeas corpus, under 28 U.S.C. § 2241, in the Middle District of Pennsylvania, where he is confined.

Mr. Santos-Herrera's motion for reconsideration points out that the Bureau of Prisons has declined to implement my recommendation that he be credited with time spent in custody (or rather, with the portion of it that occurred in New Hampshire). BOP's position is that the credit he seeks is not authorized by applicable statutes and regulations.

Thus, says Mr. Santos-Herrera, it is back to me; a sentencing court, he argues, has the power and the discretion to grant time-served credit in cases where the BOP does not possess such authority.[2] He reasserts his motion under Rule 36, Fed. R. Crim. P. He also calls it a "motion for correction of sentence and judgment of conviction," possibly an invocation of 28 U.S.C. § 2255. Either way, I would deny the motion for reconsideration; the sentence was neither illegal nor the result of a clerical oversight.

The main authority cited by Mr. Santos-Herrera is *United States v. Dorsey*, 166 F.3d 558, 563 (3d Cir. 1999). That direct appeal from a criminal sentence, however, involved a different issue. It concerned the extent of the court's discretionary authority under U.S.S.G. § 5G1.3 to impose a concurrent, partially concurrent, or consecutive sentence, when state and federal prosecutions and sentences overlap. That issue obviously interacts with the BOP's authority to credit time, and comes into play only when the BOP declines to credit state time served. *See id.* at 562. But, as Judge Stapleton's concurring opinion points out, the issue before the Court was not properly one of sentencing "credit" at all. *Id.* at 564. "Credit," understood narrowly, refers to the BOP's calculation of sentence. But the sentencing court, of course, can give "credit" in the loose sense of "a lower sentence," based on a wide range of factors. *Id.* My power to grant a lower sentence, for whatever reason, within the

---

[2] If the BOP erred in crediting time served or calculating the release date, then the proper forum for such a challenge is a petition for habeas corpus in the district of incarceration. *E.g., United States v. Kelly*, 504 F. App'x 85, 2012 WL 5839227 (3d Cir. 2012) (not precedential) (citing *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009). That does not seem to be Mr. Santos-Herrera's contention on the current motion for reconsideration, but that option remains open if he believes such an error was made.

guideline range or pursuant to a departure or variance, was never in doubt. I could have attempted to circumvent the whole issue by imposing a sentence of 35 months, rather than 37 months. Exercising my discretion, however, I chose not to do so.

It appears that Mr. Santos-Herrera, in addition to his pre-sentence custody in New Jersey, was held by New Hampshire for reasons unrelated to the offense of conviction (a detainer, which New Hampshire ultimately seems to have abandoned as erroneous). When I passed sentence, I was not willing to go so far as to reduce what was already a below-guidelines sentence. Nor am I authorized to dictate to the BOP in advance how it will credit time served or calculate sentence. On the other hand, I did not want to stand in the way of Mr. Santos-Herrera's efforts to obtain credit for the time he had spent in custody, to the full extent of the law as applied by the BOP. That was why I "recommend[ed]" that the BOP grant credit for time served. To be clear, that recommendation did not incorporate any intent that credit be granted beyond what the statute and regulations authorize. *See, e.g.,* 18 U.S.C. § 3585(b). Neither the sentence as stated in the Judgment, nor the BOP's implementation, is contrary to what I stated on the record; no correction is required.

### ORDER

Mr. Santos-Herrera's letter motion for reconsideration of my Order of September 10, 2014 (ECF 29) is **DENIED**.

Dated: October 1, 2014

_____
**KEVIN MCNULTY, U.S.D.J.**